627 A.2d 1005 (1993)
MAINE HUMAN RIGHTS COMMISSION[1]
v.
MAINE DEPARTMENT OF DEFENSE AND VETERANS' SERVICES, et al.
Supreme Judicial Court of Maine.
Argued May 10, 1993.
Decided July 6, 1993.
John E. Carnes (orally), Maine Human Rights Com'n, Augusta, for plaintiff.
Christian T. Chandler (orally), Curtis, Thaxter, Stevens, Broder & Micoleau, Augusta, for Parker A. Denaco.
Paul Stern (orally), Asst. Atty. Gen., Augusta, for Dept. of Defense.
*1006 Before ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.
CLIFFORD, Justice.
The Maine Human Rights Commission (Commission) appeals from an order of the Superior Court (Kennebec County, Mead, J.) dismissing for failure to state a claim its complaint against the Maine Department of Defense and Veterans' Services (Department) and Parker A. Denaco, an officer in the Maine Air National Guard. Because we agree with the Superior Court that the Maine Human Rights Act, pursuant to which this action is brought, does not apply to officers and enlisted personnel of the Maine National Guard, we affirm the judgment.
The Commission's complaint alleges the following facts. Morris Wayne Jacobs and Parker Denaco both worked at the Maine Labor Relations Board (MLRB). Each was also an officer in the Maine National Guard. In 1988, Jacobs, counsel to the MLRB, reported that Denaco, MLRB executive director, was using employee services, materials, and equipment for his own personal benefit. Following Jacobs' report and an investigation by the MLRB and the Governor's office, Denaco resigned from his position with the MLRB. In 1989, Jacobs, an officer in the Maine Army National Guard, applied for either of two vacant Judge Advocate General Corps (JAG) positions with the Maine Air National Guard. After Jacobs' application was submitted, Denaco, a colonel in the Air National Guard, made disparaging remarks about Jacobs on several occasions in front of other officers. Jacobs was not selected for either JAG position. Jacobs then filed charges of discrimination with the Maine Human Rights Commission, see 26 M.R.S.A. § 834-A (1988) & 5 M.R.S.A. § 4611 (1989), alleging that he was not hired because of his whistleblowing activities at the MLRB.[2]See 26 M.R.S.A. § 833 (1988).
In 1990, Jacobs applied for another JAG position with the Air National Guard. He was the first to apply for the position and met the minimum qualifications, but was not selected. Jacobs then filed an additional charge of discrimination with the Commission claiming that he was discriminated against by the Guard for filing his first complaint with the Commission. See 5 M.R.S.A. § 4572(1)(E) (Supp.1992). Following its investigation, the Commission found reasonable grounds to believe unlawful discrimination had occurred in regard to Jacobs' second application. See 5 M.R.S.A. § 4612 (1989 & Supp.1992).
Jacobs filed a complaint in the Superior Court in which he alleged the State, the Department,[3] the Governor, and Denaco violated the Whistleblowers' Protection Act, 26 M.R.S.A. §§ 831-840 (1988), and the Maine Human Rights Act, 5 M.R.S.A. §§ 4551-4632 (1989 & Supp.1992). He also included a claim of defamation against Denaco.[4] The Commission successfully moved to intervene as a party plaintiff and filed its own complaint. See 5 M.R.S.A. § 4612(4)(A); see also M.R.Civ.P. 24. In its complaint, the Commission alleges that (1) defendant Denaco's interference with the Air National Guard's selection process in retaliation for Jacobs's whistleblowing at the MLRB constituted unlawful discrimination in violation of 5 M.R.S.A. § 4553(10)(D);[5] and (2) the defendant Department's refusal to hire Jacobs for the position for which he applied in his second *1007 application violated 5 M.R.S.A. § 4572(1)(E)[6] because the Department's decision amounted to a retaliation for Jacobs' initial complaint to the Commission.[7] On the motions of the Department and Denaco, the Superior Court dismissed the complaint for failure to state a claim. The Commission's appeal is now before us.
The Commission's complaint was brought pursuant to the Maine Human Rights Act. We first consider the applicability of that Act to uniformed personnel of the Maine National Guard.[8] The Maine Human Rights Act is our state's counterpart to the federal discrimination law, Title VII of the Civil Rights Act of 1964, and has been construed consistently with the analogous federal statute. Maine Human Rights Comm'n v. City of Auburn, 408 A.2d 1253, 1261 (Me.1979). The interpretation by federal courts of provisions of Title VII has provided guidance in the construction of our own Human Rights Act. Maine Human Rights Comm'n v. Local 1361, 383 A.2d 369, 375 (Me.1978); see Harris v. International Paper Co., 765 F.Supp. 1509, 1511 (D.Me.1991); Greene v. Union Mut. Life Ins. Co., 623 F.Supp. 295, 298-99 (D.Me.1985). The substantive provisions in the Maine statute that the Commission alleges have been violated are similar to the provisions in federal law. 5 M.R.S.A. § 4572(1)(E), prohibiting employment discrimination in retaliation for making a charge under the Human Rights Act, is similar to the anti-retaliatory provision in Title VII. 42 U.S.C.A. § 2000e-3(a) (West 1981). The Maine Whistleblowers' Protection Act is also comparable to its federal counterpart, 5 U.S.C.A. § 2302(b)(8) (West Supp.1993).
Most federal courts have construed Title VII, the federal employment discrimination statute, as not applying to uniformed military personnel, and have concluded that had Congress intended that it so apply, Congress would have provided for such application "in unmistakable terms." Johnson v. Alexander, 572 F.2d 1219, 1224 (8th Cir.1978); see also Roper v. Department of the Army, 832 F.2d 247, 248 (2d Cir.1987); Gonzalez v. Department of the Army, 718 F.2d 926, 928-29 (9th Cir.1983); Taylor v. Jones, 653 F.2d 1193, 1200 (8th *1008 Cir.1981). Certainly there is nothing in the Maine Human Rights Act, or in the Maine Whistleblowers' Protection Act, expressing "in unmistakable terms" a legislative intent that those statutes are applicable to uniformed military personnel of the Maine National Guard.[9] Moreover, 37-B M.R.S.A. § 142 (1989) provides:
Except as otherwise provided in this chapter, the qualifications for appointment of officers and enlistment of enlisted personnel and the procedures for promoting, transferring, discharging, equipping, uniforming and training personnel of the state military force shall be consistent with federal laws and regulations prescribed for the National Guard.
In view of the legislatively expressed intent that there be uniformity with federal law in the military personnel area, the interpretation of Title VII laws as not applying to uniformed military personnel, and the absence of any clearly expressed intent to make the Maine Human Rights Act applicable to military personnel, we conclude that the Human Rights Act cannot and should not be construed to apply to the allegations in the Commission's complaint. See Wright v. Department of Defense & Veterans Servs., 623 A.2d 1283 (Me.1993) (Freedom of Access Act not applicable to Air National Guard discharge proceedings). Because the Commission's allegations hinge on the applicability of the Maine Human Rights Act, the Superior Court correctly dismissed the entire complaint.
The entry is:
Judgment affirmed.
All concurring.
NOTES
[1] Morris Wayne Jacobs, who initiated this action against the named defendants, voluntarily dismissed his appeal following Parker Denaco's motion to require Jacobs to file security pursuant to 37-B M.R.S.A. § 185(1) (1989). The Maine Human Rights Commission, whose motion to intervene was granted in the Superior Court, is the sole plaintiff on appeal.
[2] The Commission did not find reasonable grounds to believe that Jacobs was not hired for the two JAG positions because he complained to the MLRB about Denaco. See 5 M.R.S.A. § 4612(2) (1989).
[3] The Department has the responsibility of overseeing the Maine National Guard. See 37 M.R.S.A. §§ 2, 101-102 (1989). Accordingly, the complaint named the Department and not the National Guard as a defendant.
[4] Jacobs' complaint for defamation has been dismissed, and that dismissal is not challenged in this appeal.
[5] 5 M.R.S.A. § 4553(10)(D) (1989) provides:

10. Unlawful discrimination. "Unlawful discrimination" includes:
. . . .
D. Aiding, abetting, inciting, compelling or coercing another to do any of such types of unlawful discrimination; obstructing or preventing any person from complying with this Act or any order issued in this subsection; attempting to do any act of unlawful discrimination; and punishing or penalizing, or attempting to punish or penalize, any person for seeking to exercise any of the civil rights declared by this Act or for complaining of a violation of this Act or for testifying in any proceeding brought in this subsection[.]
[6] 5 M.R.S.A. § 4572(1)(E) (Supp.1992) provides: 1. Unlawful employment. It is unlawful employment discrimination, in violation of this Act, except when based on a bona fide occupational qualification:

. . . .
E. For an employer, employment agency or labor organization to discriminate in any manner against individuals because they have opposed a practice that would be a violation of this Act or because they have made a charge, testified or assisted in any investigation, proceeding or hearing under this Act.
[7] Because the Commission did not find reasonable grounds to believe the Department had engaged in unlawful discrimination when it did not hire Jacobs for either of the positions he applied for in his first application, the Commission did not make a claim against the Department for its earlier refusal to hire Jacobs. See 5 M.R.S.A. §§ 4612(2), (4)(A).
[8] The Commission's complaint, although it alleges violations of the Whistleblowers' Protection Act, was brought pursuant to the Maine Human Rights Act. The Maine Whistleblowers' Protection Act, 26 M.R.S.A. §§ 831-840, affords employees who report illegal acts or unsafe conditions protection from reprisal in their employment. The Whistleblowers' Protection Act, however, does not itself provide a judicial remedy for an employee who has been discriminated against in violation of its provisions. Rather, an employee who engages in activity protected by the statute and as a result suffers discrimination in employment is authorized to bring a complaint before the Maine Human Rights Commission. 26 M.R.S.A. § 834-A. The Commission, if it finds reasonable grounds to believe that unlawful employment discrimination has occurred can then bring a civil action under the Maine Human Rights Act, 5 M.R.S.A. § 4612(4). It did so here by intervening in the Superior Court, alleging that Denaco (not the Department) violated the Whistleblowers' Protection Act by attempting to cause Jacobs to be denied the two JAG positions with the Maine Air National Guard. See 5 M.R.S.A. § 4553(10)(D). Because we conclude that the Maine Human Rights Act does not apply to uniformed personnel of the Maine National Guard, we need not address the Commission's contention that the Human Rights Act covers the behavior of individual employees as well as the action of employers.
[9] The Commission contends that the legislature meant to place the National Guard within the purview of the Whistleblowers' Protection Act and the Human Rights Act because, prior to adopting the Whistleblowers' Protection Act, the legislature changed the definition of "employee" by deleting language in the proposed legislation that would have excluded unclassified employees. Officers and enlisted personnel in the National Guard are included among the positions that comprise the state's unclassified service. 5 M.R.S.A. § 931(1) (1989 & Supp.1992). In view of the strongly expressed intent that there be uniformity with federal law in the military personnel area, and in the absence of any clearly expressed intent to make the Whistleblowers' Protection Act and the Human Rights Act applicable to uniformed military personnel, we are unpersuaded by that contention.