—————

No. 95-1860

—————

Ronald J. Acquisto,      *
            *
  Plaintiff-Appellant,   *
            *  Appeal from the United States
   v.          *  District Court for the
            *  District of Nebraska.
United States of America,   *
            *  [TO BE PUBLISHED]
  Defendant-Appellee.   *

—————

Submitted:  November 17, 1995

Filed:  December 4, 1995

—————

Before HANSEN, LAY, and MURPHY, Circuit Judges.

—————

PER CURIAM.

Ronald J. Acquisto was dismissed from the Air Force in October 1991. He alleges that the Air Force refused to allow him to re-enlist because, in 1988, he filed a complaint with the Inspector General, accusing his commanding officer of fraud, waste, and mismanagement. He appealed to an Air Force Board to correct his military records pursuant to 10 U.S.C. § 1552. Acquisto claimed before the Board that his commanding officer and a civilian Air Force employee had conspired to tarnish his military record in retaliation for his filing with the Inspector General. Acquisto claims this violates 10 U.S.C. § 1034, which provides:

> [n]o person may take . . . an unfavorable personnel action, or withhold . . . a favorable personnel action, as a reprisal against a member of the armed forces for making or preparing a communication to a Member of Congress or an Inspector General . . . .

10 U.S.C. § 1034(b).

On September 10, 1992, the Board concluded there was insufficient evidence present to demonstrate the existence of probable error or injustice, and refused to correct Acquisto's records. Acquisto thereafter filed a complaint in federal district court under 10 U.S.C. § 1034 in which he alleged the Board's denial of his appeal was arbitrary and capricious.[1] The district court granted summary judgment to the United States on the ground that the Board's decision was not arbitrary and capricious, and was based on substantial evidence.

We have reviewed the statutory language, the legislative history, and administrative regulations and hold that § 1034 does not provide Acquisto with any private cause of action, express or implied. See Cort v. Ash, 422 U.S. 66, 78 (1974). We find it significant that Congress established only an administrative remedy under 10 U.S.C. § 1034. We deem this further evidence that Congress did not intend any private cause of action.[2] See Touche Ross & Co. v. Redington, 422 U.S. 560, 579-80 (1979). On this

---

[1]A federal district court has authority under 10 U.S.C. § 1552 to review the action of the Air Force Board in refusing to correct military records under the arbitrary and capricious standard. See Chappell v. Wallace, 462 U.S. 296, 303 (1982). In the present case, Acquisto did not file his third amended complaint under this section of the statute. He alleges violation under 10 U.S.C. § 1034.

[2]Under 10 U.S.C. § 1034, Congress established a comprehensive scheme for reviewing reprisal complaints authorizing corrective action by the board for correction of military records, the Secretary of the respective services, and the Secretary of the Defense. 10 U.S.C. § 1034(g) states that "[u]pon the completion of all administrative review . . . , the member or former member of the armed forces . . . who made the allegation . . . , if not satisfied with the disposition of the matter, may submit the matter to the Secretary of Defense . . . [who] shall make a decision to reverse or uphold the decision of the Secretary of the military department concerned . . . ." In the Operating Procedures it is stated that the "decision of the Secretary of Defense is final," and the decision whether to uphold or reverse the decision of the Secretary of the military unit involved lies in the Secretary of Defense's "sole discretion." See 32 C.F.R. 98a.

basis, we find that the district court's judgment granting summary judgment must be vacated; we remand with directions to the district court to dismiss the case for lack of subject matter jurisdiction.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.