**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 4 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

ERIN PACHECO STACKS,

      Plaintiff-Appellant,

v.

UNITED STATES AIR FORCE;
UNITED STATES DEPARTMENT
OF DEFENSE; and DR. SHIELA
WIDNALL, Secretary of the Air
Force,

      Defendants-Appellees.

No. 97-1030
(D.C. No. 96-Z-1150)
(D. Colo.)

---

ORDER AND JUDGMENT[*]

---

Before KELLY, McKAY, and BRISCOE, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore

ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Erin Pacheco Stacks appeals from the district court's order granting defendants' motion for summary judgment.[1]  We affirm.

Ms. Stacks sought declaratory, injunctive, and mandamus relief in district court.  She asked the court to declare that defendants had misused the command directed mental health examination provided by the Boxer Amendment, Pub. L. No. 102-484 Div. A, Title V, § 546(a)-(j), 106 Stat. 2315, 2416-19 (1992)(10 U.S.C. § 1074 (notes)).  She contended that defendants had not implemented a Department of Defense directive regarding procedures to be used in ordering such an examination and, therefore, she was denied her rights under the amendment.  Ms. Stacks also sought an injunction and mandamus directing the Secretary of the Air Force to reverse retaliatory action taken against her and to correct her military records to reflect that she was eligible for reenlistment.

The district court granted defendants' motion for summary judgment on the ground that Ms. Stacks had not alleged a constitutional violation which warranted federal court interference with the military's actions.  The court also held that Ms. Stacks' performance evaluation was a discretionary act not reviewable by federal civilian courts.

---

[1]     Ms. Stacks argues that the district court's ruling was actually a Fed. R. Civ. P. 12(b)(1) dismissal.  The court announced to the parties that it would treat defendants' motion to dismiss or, in the alternative, for summary judgment, as a motion for summary judgment.  We accept the district court's statement and consider this an appeal from a summary judgment ruling.

On appeal, Ms. Stacks argues that the district court erred in denying her motion filed pursuant to Fed. R. Civ. P. 56(f) to delay a ruling on defendants' summary judgment motion pending further discovery. She also asserts the district court had jurisdiction over her claims because her constitutional rights were violated, defendants failed to comply with their regulations, and she was not required to exhaust her administrative remedies.

While the district court did not specifically rule on Ms. Stacks' Rule 56(f) motion, it effectively denied it when it granted defendants' motion for summary judgment. We review the district court's denial of a Rule 56(f) motion for abuse of discretion. See International Surplus Lines Ins. Co. v. Wyoming Coal Ref. Sys. Inc., 52 F.3d 901, 904 (10th Cir. 1995).

Rule 56(f) allows the nonmovant to seek deferral of a ruling on a motion for summary judgment pending discovery of facts essential to opposing the motion. See Committee for the First Amend. v. Campbell, 962 F.2d 1517, 1521-22 (10th Cir. 1992). To warrant such a deferral, the nonmovant must provide an affidavit identifying the facts not available and what steps have been taken to obtain those facts. See id. at 1522. "Rule 56(f) may not be invoked by the mere assertion that discovery is incomplete or that specific facts necessary to oppose summary judgment are unavailable . . . ." Pasternak v. Lear Petroleum Exploration, Inc., 790 F.2d 828, 833 (10th Cir. 1986).

Ms. Stacks' motion did not meet the requirements of Rule 56(f). She did not submit an affidavit. She merely stated in her response to defendants' motion for summary judgment that she was requesting a stay "to have the opportunity to take discovery." Appellant's App. at 289. Further, she did not set forth the specific facts she needed to discover nor did she explain how such facts would have been useful to oppose defendants' motion. See Jensen v. Redevelopment Agency of Sandy City, 998 F.2d 1550, 1554-55 (10th Cir. 1993). The district court did not abuse its discretion in denying this motion.

We review the grant of summary judgment de novo, using the same standard applied by the district court. See Universal Money Ctrs., Inc. v. American Tel. & Tel. Co., 22 F.3d 1527, 1529 (10th Cir. 1994). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). We may affirm the district court's decision on any basis which finds legal support in the record, even grounds not relied on by the district court. See United States v. Sandoval, 29 F.3d 537, 542 n.6 (10th Cir. 1994).

Ms. Stacks alleged a civilian employee sexually harassed her in violation of her constitutional rights, and defendants failed to comply with applicable statutes,

-4-

rules and regulations. To the extent exhaustion of intra-military remedies was required, Ms. Stacks asserted that any further administrative attempts to vindicate her rights would be futile. Ms. Stacks further alleged defendants retaliated against her when she complained of that harassment by ordering her to undergo a mental health evaluation.

Before we can look at the merits of Ms. Stacks' claims, we must determine whether these claims can be brought in a civilian court. Not only is our review of military matters narrow and restricted, see Clark v. Widnall, 51 F.3d 917, 921 (10th Cir. 1995), but we must also consider whether Ms. Stacks has brought an adjudicable case to the civilian court, see Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990) (Article III of the United States Constitution requires that federal courts adjudicate only cases and controversies).

We conclude that Ms. Stacks' request for declaratory and injunctive relief cannot be considered by this court and should not have been considered by the district court. Ms. Stacks was separated from the Air Force over four months before the district court entered its judgment. She has no current or probable future connection to the Air Force and her controversy with defendants does not continue to "touch[ ] the legal relations of parties having adverse legal interests" in the outcome of the case. DeFunis v. Odegaard, 416 U.S. 312, 317 (1974) (quotation omitted).

A declaratory judgment action is the "proper judicial resolution of a 'case or controversy' rather than an advisory opinion" when the court's declaration will settle a "dispute *which affects the behavior of the defendant towards the plaintiff.*" Hewitt v. Helms, 482 U.S. 755, 761 (1987). To meet this standard, a plaintiff must be able to "demonstrate a good chance of being likewise injured [by the defendant] in the future." Facio v. Jones, 929 F.2d 541, 544 (10th Cir. 1991). "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974). Rather, a plaintiff must show a "sufficient likelihood" of being injured again in a similar manner. F.E.R. v. Valdez, 58 F.3d 1530, 1534 (10th Cir. 1995).

Defendants' alleged acts were discrete actions which were completed in the past and any effects were manifested at the time the acts occurred. Because Ms. Stacks cannot show any continuing adverse effects of defendants' actions or any likelihood of being injured again, her claim for declaratory relief is moot. See Ashcroft v. Mattis, 431 U.S. 171, 172-73 (1977) (claim for declaratory relief moot when no "present right" is involved and the primary interest is the emotional satisfaction of a favorable ruling); cf. Arizonans for Official English v. Arizona, 117 S. Ct. 1055, 1069, 1071 (1997) (case seeking declaratory and injunctive relief mooted when plaintiff resigned from state employment); Cox v. Phelps Dodge

Corp., 43 F.3d 1345, 1348 (10th Cir. 1994) (legitimate termination of employment moots plaintiff's claim for declaratory and injunctive relief regarding conditions of employment).

Likewise, Ms. Stacks' request for an injunction is moot. See Thournir v. Buchanan, 710 F.2d 1461, 1463 (10th Cir. 1983) (appeal of district court order denying injunction moot where event sought to be enjoined has occurred). The acts Ms. Stacks sought to enjoin had already occurred.

Ms. Stacks sought mandamus to have the federal civilian court direct the defendants to correct her military records to show she is eligible for reenlistment. Mandamus is an extraordinary remedy. See Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980). It "is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." Heckler v. Ringer, 466 U.S. 602, 616 (1984). Ms. Stacks sought mandamus to effect a change in her performance evaluation, which as the district court noted, is a discretionary decision over which we have no jurisdiction. See Acquisto v. United States, 70 F.3d 1010, 1011 (8th Cir. 1995); see also Lundgrin v. Claytor, 619 F.2d 61, 62 (10th Cir. 1980) ("discretionary military decisions concerning soldiers lawfully in the service are beyond the review of civilian courts"). Further, Ms. Stacks has no right to the ultimate relief she seeks, re-enlistment, see Lindenau v. Alexander, 663 F.2d 68,

72 (10th Cir. 1981) (no individual right to enlist in armed services exists). Ms. Stacks only recourse was through the processes provided by the military.

Because Ms. Stacks' claims for declaratory and injunctive relief are moot and because she can bring no mandamus action, we "cannot, consistently with the limitations of Art. III of the Constitution, consider the substantive constitutional issues tendered by" Ms. Stacks. DeFunis, 416 U.S. at 319-20.

The judgment of the district court is VACATED as to Ms. Stacks' claims for declaratory and injunctive relief and the case is remanded with instructions to dismiss these claims. See United States v. Chavez-Palacios, 30 F.3d 1290, 1293 (10th Cir. 1994) (case must be dismissed if it becomes moot during any phase of judicial proceeding, unless recognized exception to mootness doctrine is present, as any resolution of matters before the court would constitute advisory opinion and violate Article III). The judgment of the district court is AFFIRMED as to Ms. Stacks' request for mandamus.

Entered for the Court

Mary Beck Briscoe
Circuit Judge