STATE OF MAINE                           SUPERIOR COURT
                                         CIVIL ACTION
KENNEBEC, ss.                            DOCKET NO. CV-01-220

ERIC GREEN,

          Plaintiff          DONALD L. GARBRECHT
                                    LAW LIBRARY

   v.                                    **DECISION AND ORDER**
                             SEP 4 2003

AUGUSTA FORD,

          Defendant


     This matter is before the court on Defendant, Augusta Ford's, motion for partial summary judgment.[1]

     This case revolves around the alleged sexual harassment of Plaintiff Eric Green ("Plaintiff") by his co-worker Dwayne Raymond ("Raymond") at their place of employment, Defendant Augusta Ford ("Defendant"). The following facts are undisputed.

     Plaintiff and Raymond worked for Defendant at the same time. Raymond was known as "crass and crude," and "liked to harass people about just about anything... just anything to pump you up." Raymond made numerous sexual comments to Plaintiff regarding Plaintiff's wife, her physique, and sexual activity with her. Raymond told Plaintiff on at least two occasions that he wanted to have sexual intercourse with Plaintiff's wife. Raymond also told Plaintiff that he wanted to have sex with Plaintiff and Plaintiff's wife as a threesome on at least four occasions.[2] Raymond

---

[1] The original complaint also named Dwayne Raymond, an employee of Augusta Ford and co-worker of Plaintiff's, as a defendant. The parties stipulated to a dismissal of the complaint against Raymond, per Stipulation of April 29, 2002. Augusta Ford is the only remaining defendant. The court notes that Defendant's motion failed to include the 21-day notice required by M.R. Civ. P. 7(b)(1)(A). Also, Plaintiff's opposition to the motion was filed on May 27, 2003 – four days after the May 23, 2003 deadline.

[2] Defendant objects to this fact as hearsay because it is supported by a record reference to Mr. Lunt, a fellow employee of Defendant's. Hearsay is an out-of-court statement offered for the truth of the matter asserted. *See* M. R.

did not reference Plaintiff's body parts, but "barraged" Plaintiff with lascivious sexual remarks about his wife. Raymond did not harass other employees of Defendant about sexual issues involving their wives during Plaintiff's tenure with Defendant.[3]

Plaintiff originally brought five counts in this case. At this time, only Counts 1 and 5 remain (for violation of the Maine Human Rights Act and violation of the Maine Whistleblower's Act, respectively). Defendant's motion seeks judgment as to Count I, violation of the Maine Human Rights Act by sexual harassment.

Summary judgment is proper if the citations to the record found in the parties' Rule 56(h) statements demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See Dickinson v. Clark*, 2001 ME 49, ¶ 4, 767 A.2d 303, 305. "A fact is material if it has the potential to affect the outcome of the case under governing law." *Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 4, n.3, 770 A.2d 653, 655, n.3 (citing *Burdzel v. Sobus*, 2000 ME 84, ¶ 6, 750 A.2d 573, 575). "The invocation of the summary judgment procedure does not permit the court to decide an issue of fact, but only to determine whether a genuine issue of fact exists. The Court cannot decide an issue of fact no matter how improbable seem the opposing party's chances of prevailing at trial." *Searles v. Trustees of St. Joseph's College*, 1997 ME 128, ¶ 6, 695 A.2d 1206, 1209 (*quoting Tallwood Land & Dev. Co. v. Botka*, 352 A.2d 753, 755 (Me. 1976)). To avoid a judgment as a matter of law for a defendant, a plaintiff must establish a prima facie case for each element of her cause of action. *See Fleming v. Gardner*, 658 A.2d 1074, 1076 (Me. 1995).

---

Evid. 801(c). This statement should be admitted because it is not offered for its truth, but only for the fact that the statement was made. Further, Lunt testifies that he heard these statements himself. *See* Lunt Dep. 10, 11.

[3] Defendant qualifies this fact with citations to the record supporting that Raymond is crass, rude, frequently steps over the line, and likes to antagonize people. However, nothing in the supported statements of fact denies this statement.

The Defendant argues that Plaintiff fails to provide any evidence to demonstrate that he was subjected to harassment because of his sex, a necessary element of a sexual harassment action under the Maine Civil Rights Act. Plaintiff maintains that he was subjected to sexual harassment because of his sex. There are no genuine issues of fact.

"Maine courts have relied on the federal case law surrounding Title VII for the purpose of construing and applying the provisions of the Maine Human Rights Act." *Morrison v. Carleton Woolen Mills, Inc.*, 108 F.3d 429, 436 n.3 (1st Cir. 1997); *Bowen v. Dept. of Human Services*, 606 A.2d 1051, 1053 (Me. 1992); *Maine Human Rights Commission v. Maine Dept. of Defense & Veterans Services*, 627 A.2d 1005, 1007 (Me. 1993). "To prevail on a sexual harassment claim based on a hostile work environment, a Plaintiff must prove:

> 1) he is a member of a protected class; 2) he was subjected to unwelcome sexual harassment; 3) the harassment was based on sex; 4) the harassment was sufficiently severe or pervasive so as to alter the conditions of Plaintiff's employment and create an abusive work environment; 5) that sexually objectionable conduct was both objectively and subjectively offensive, such that a reasonable person would find it hostile or abusive and the victim in fact did perceive it so; and 6) that some basis for employer liability has been established."

*Crowley v. L.L. Bean, Inc.*, 303 F.3d 387, 395 (1st Cir. 2002)(*citing O'Rourke v. City of Providence*, 235 F.3d 713, 728 (1st Cir. 2001)). In same-sex harassment cases, as in all harassment cases, the Plaintiff "must always prove that the conduct at issue was not merely tinged with offensive sexual connotations" but in fact constituted discrimination "because of... sex." *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 81, 118 S. Ct. 998, 1002, 140 L.Ed.2d 201 (1998). "The critical issue is whether members of one sex are exposed to disadvantageous terms or conditions of employment to which members of the other sex are not exposed." *Id. Oncale* provides three situations where same-sex harassment constitutes discrimination because of sex:

(1)    when the conduct involves explicit or implicit proposals of sexual activity, there can be an inference of discrimination if there is credible evidence the harasser is homosexual;

(2)    when the employee is harassed in such sex-specific and derogatory terms by a member of the same sex as to make it clear that the harasser if motivated by a general hostility to the presence of members of that sex in the workplace;

(3)    when a same-sex Plaintiff may offer direct comparative evidence regarding how the harasser treated members of both sexes in the workplace.

*Id.* These three examples are illustrative, not exhaustive. *See Shepherd v. Slater Steels Corporation*, 168 F.3d 998, 1009 (7th Cir. 1999). Again, regardless of the situation, the Plaintiff must always prove the conduct at issue constituted discrimination "because of... sex." *Id.*

It is undisputed that the majority of Raymond's comments to Plaintiff were regarding Plaintiff's wife, her physique, and sexual activity with her. However, on at least four occasions, Raymond also stated that he wanted to have sex with Plaintiff and Plaintiff's wife as a threesome. The issue before the court is whether such comments constitute sexual harassment against Plaintiff, because of Plaintiff's gender, in violation of the MHRA. No evidence is offered to demonstrate any of the same-sex harassment scenarios discussed in *Oncale, supra.*

In *Rizzo v. Sheahan*, 266 F.3d 705 (7th Cir. 2001), Plaintiff brought an action for sexual harassment under Title VII, due to statements by Plaintiff's supervisor that he wanted to have sex with Plaintiff's 15-year-old daughter as well as a sexual comment to Plaintiff herself. *Id.* at 709. The court held that the sexual harassment claim failed because there was no evidence that the offensive behavior was based on Plaintiff's sex/gender, and originated instead from the supervisor's animosity toward Plaintiff's husband. *Id.* at 712. Similarly, in the present case, Raymond's comments were

4

primarily directed toward Plaintiff's wife, with the exception of a few comments to the effect that Plaintiff would like to have a threesome with both Plaintiff and his wife. There is no evidence that Raymond's comments were motivated because of Plaintiff's gender; rather, the facts suggest that Raymond's comments stem from his "crass, rude" nature and his enjoyment of harassing people "about just anything... just anything to pump you up."

In *EEOC v. Trugreen Limited Partnership*, 122 F.Supp.2d 986 (W.D. Wis. 1999), the court applied *Oncale* to facts similar to those here, finding no discrimination because of sex. *Id.* at 993. In *EEOC*, the plaintiff brought suit for sexual comments made regarding himself and his wife. The *EEOC* court granted summary judgment for the defendant because the plaintiff failed to show he was harassed because of his gender. The court specified that the term "sex" for Title VII refers to one's gender, as opposed to carnal matters, and cautioned that "courts should not assign dispositive weight to certain conduct simply because it has sexual overtones." *Id.* at 989. "Where... it appears plain on the record as a whole that the statements or conduct in question were nothing other than vulgar provocations having no causal relationship to [Plaintiff's] gender as a male, the sexual content or connotations of those statements or conduct will not alone raise a question of fact as to the sex-based character of the harassment." *Shepherd v. Slater Steels Corp.*, 168 F.3d 998, 1010-11 (7th Cir. 1999)(internal quotations and citation omitted).[4]

Here, the facts are plain that Raymond's comments are vulgar provocations, and that Raymond was inappropriate and offensive to say the least. Unfortunately, such is

---

[4] *Shepherd* continues on to say, "On the other hand, when the context of the harassment leaves room for the inference that the sexual overlay was not incidental – that the harasser was genuinely soliciting sex from the plaintiff or was otherwise directing harassment at the plaintiff because of the plaintiff's sex – then the task of deciding whether the harassment amounts to sex discrimination will fall to the finder of fact." *Shepherd v. Slater Steels Corp.*, 168 F.3d 998, 1011 (7th Cir. 1999). If the court feels that the context of the harassment here (particularly the comments about a threesome) was a genuine solicitation for sex, the court should deny this motion for summary judgment. I feel that, taken in context, Raymond's goal was to antagonize the Plaintiff and that there was no causal relationship to Plaintiff's gender as a male.

5

not enough to constitute sexual harassment under the MHRA. There is no evidence that Plaintiff was harassed because of his sex or gender.

For the reasons stated herein, the entry will be:

Defendant's motion for summary judgment on count I of Plaintiff's complaint is granted; judgment for Defendant, Augusta Ford, on Count I of Plaintiff's complaint.

Dated: August 25, 2003

Donald H. Marden
Justice, Superior Court

ERIC GREEN   - PLAINTIFF

Attorney for: ERIC GREEN
JAMES MITCHELL FLICK
79 MAIN ST
WINTHROP ME 04364


vs
AUGUSTA FORD - DEFENDANT


Attorney for: AUGUSTA FORD
MATTHEW J LAMOURIE
PRETI FLAHERTY BELIVEAU PACHIOS & HALEY
ONE CITY CENTER
PO BOX 9546
PORTLAND ME 04112-9546


DWAYNE RAYMOND  - DEFENDANT
ROUTE 135
BELGRADE ME 04917
Attorney for: DWAYNE RAYMOND
RONALD BOURGET
BOURGET & BOURGET PA
64 STATE STREET
AUGUSTA ME 04330-5194

SUPERIOR COURT
KENNEBEC, ss.
Docket No   AUGSC-CV-2001-00220

**DOCKET RECORD**

Filing Document: COMPLAINT                     Minor Case Type: CONSTITUTIONAL/CIVIL RIGHTS
Filing Date: 10/23/2001

## Docket Events:

10/23/2001 FILING DOCUMENT - COMPLAINT FILED ON 10/23/2001

10/23/2001 ATTORNEY - RETAINED ENTERED ON 10/23/2001

10/23/2001 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 10/23/2001
          Defendant's Attorney: JAMES MITCHELL FLICK
          MAILED TO ATTY.

10/26/2001 Party(s):  AUGUSTA FORD
          SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 10/26/2001

10/26/2001 ATTORNEY - RETAINED ENTERED ON 10/26/2001

11/06/2001 Party(s):  AUGUSTA FORD
          RESPONSIVE PLEADING - ANSWER & AFFIRMATIVE DEFENSE FILED ON 11/05/2001
          Defendant's Attorney: MATTHEW J LAMOURIE

11/09/2001 Party(s):  DWAYNE RAYMOND
          SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 11/09/2001

12/06/2001 Party(s):  ERIC GREEN
          RESPONSIVE PLEADING - ANSWER FILED ON 12/03/2001
          ANSWER OF DEFT. DWAYNE RAYMOND.