In the Matter of JESUS FIGUEROA, Respondent, v THOMAS P. MAGUIRE, JR., et al., Appellants. [831 NYS2d 248]—

In a hybrid proceeding pursuant to CPLR article 78 to compel Thomas P. Maguire, Jr., as Adjutant General of the State of New York Division of Military and Naval Affairs, Michael F. Canders, and Robert J. Dusek, in effect, to retain the petitioner in his full-time position with the New York Air National Guard Active Guard/Reserve as Assistant Base Civil Engineer of the 106th Rescue Wing and to keep that position open pending the resolution of his outstanding administrative complaints and appeals, and an action, in effect, to recover damages for retaliatory discharge pursuant to Labor Law § 740 and for violation of the petitioner's constitutional rights pursuant to 42 USC § 1983, and for ancillary injunctive and declaratory relief, Thomas P.

Maguire, Jr., as Adjutant General of the State of New York Division of Military and Naval Affairs, Michael F. Canders, and Robert J. Dusek appeal, as limited by their notice of appeal and brief, from so much of an order and judgment (one paper) of the Supreme Court, Suffolk County (Cohalan, J.), dated November 16, 2005, as, upon dismissing as premature the petitioner's claims for relief pursuant to CPLR article 78 and severing the petitioner's remaining claims for plenary relief, denied that branch of their cross motion which was to dismiss the petition on the ground of lack of subject matter jurisdiction as academic, and denied those branches of their cross motion which were to vacate a temporary restraining order and to dismiss the hybrid proceeding and action, inter alia, for failure to state a cause of action and continued the temporary restraining order as a preliminary injunction.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is granted, the preliminary injunction is vacated, and the petitioner's remaining claims for plenary relief are dismissed.

At all relevant times, the petitioner served as an officer in the New York State Air National Guard Active Guard/Reserve (hereinafter AGR). On or about October 12, 2004 the petitioner received notice that following the expiration of his tour on January 28, 2005 it would not be renewed and he would be removed from his position with AGR. He was also advised of "the right to appeal through command channels to [the Adjutant General] who will make the final determination."

On or about December 22, 2004 the petitioner filed an administrative appeal with the appellant Thomas P. Maguire, Jr., as Adjutant General of the State of New York Division of Military and Naval Affairs. By letter dated January 14, 2005, Maguire denied the petitioner's appeal, and advised him of his right "to continue [his] challenge of [his] Referral Officer Performance Reports" by "forward[ing] a DD Form 149 along with copies of any pertinent documents to the Air Force Board for Correction of Military Records."

The petitioner also filed administrative complaints against the appellants Michael F. Canders and Robert J. Dusek under 10 USC § 1034 (prohibiting retaliatory action against military personnel). In early 2005 both complaints were found to be unsubstantiated.

While his various administrative complaints and appeals were still pending, the petitioner also commenced this hybrid proceeding pursuant to CPLR article 78 and action, claiming, inter alia, that his separation from AGR status was retaliatory and in

violation of his right to due process of law. He sought to compel the appellants to retain him on active duty, to hold his position open pending the determination of his administrative complaints and appeals, and to enjoin them from engaging in "future acts of harassment and retaliation" against him. He also sought an award of damages, as well as a declaration that the appellants had acted unlawfully and in violation of his right to due process. The Supreme Court granted a temporary restraining order (hereinafter the TRO) against the appellants, and the appellants thereafter cross-moved to lift the TRO and to dismiss the petition and the action. The Supreme Court dismissed as premature the petitioner's claims under CPLR article 78, but otherwise denied the cross motion and continued the TRO as a preliminary injunction. We reverse and dismiss the petitioner's remaining claims.

As a general rule, "[c]ivilian courts must, at the very least, hesitate long before entertaining a suit which asks the court to tamper with the established relationship between enlisted military personnel and their superior officers" (*Chappell v Wallace*, 462 US 296, 300 [1983]). Particularly where, as here, a petitioner is seeking judicial review of a discrete military personnel decision that would unquestionably require a fact-specific inquiry into an area affecting military order and discipline, civilian courts must tread cautiously (*see e.g. Dibble v Fenimore*, 339 F3d 120, 127 [2003], *cert denied* 541 US 1010 [2004]).

Bearing these principles in mind, we find that the petitioner's claim for retaliatory discharge pursuant to Labor Law § 740 should have been dismissed. "Congress has exercised its plenary constitutional authority over the military, has enacted statutes regulating military life, and has established a comprehensive internal system of justice to regulate military life, taking into account the special patterns that define the military structure" (*Chappell v Wallace, supra* at 302). The laws of this state recognize the supremacy of federal control over the military (*see Kolomick v New York Air Natl. Guard*, 219 AD2d 367, 372 [1996]) by providing that New York's organized militia—which includes, inter alia, the New York Air National Guard (*see* Military Law § 42)—is governed and administered "by the laws of the United States" (Military Law § 45; *see* Military Law §§ 3, 4). Moreover, federal law in this case specifically provides an administrative remedy for claims of retaliatory discharge from military employment (*see* 10 USC § 1034; *Acquisto v United States*, 70 F3d 1010 [1995]). Under these circumstances, the Legislature never intended the term "employee," as used in Labor Law § 740 (1) (a), to include an officer of the AGR, who is

subject to the Military Law as well as the laws of the United States (*cf. James v Pataki*, 300 AD2d 137 [2002]; *Kolomick v New York Air Natl. Guard, supra* at 372; *cf. Maine Human Rights Commn. v Maine Dept. of Defense & Veterans' Servs.*, 627 A2d 1005 [Me 1993]; *Wright v Department of Defense & Veterans Servs.*, 623 A2d 1283, 1285 [Me 1993]).

As for the petitioner's purported civil rights cause of action pursuant to 42 USC § 1983, under the facts presented, such claim is nonjusticiable under the doctrine of intramilitary immunity (*see Lovell v Heng*, 890 F2d 63 [1989]; *cf. Chappell v Wallace, supra; Feres v United States*, 340 US 135 [1950]; *Jones v Beame*, 45 NY2d 402, 408-409 [1978]; *Nyberg v State Military Dept.*, 65 P3d 1241, 1249 [Wyo 2003]).

The Supreme Court erred in granting the petitioner a preliminary injunction, as he cannot demonstrate a likelihood of success on the merits (*see Happy Dragon Wholesale, Inc. v Young*, 27 AD3d 524, 525 [2006]; CPLR 6301). Accordingly, the appellants' cross motion should have been granted, the preliminary injunction vacated, and the petitioner's claims for plenary relief dismissed. Mastro, J.P., Fisher, Angiolillo and McCarthy, JJ., concur.