UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

JUN 2 2 2015

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Gene S. Rana, )
)
      Plaintiff, )
)
      v. )   Case: 1:15-cv-00957
)   Assigned To : Unassigned
Department of the Army, )   Assign. Date : 6/22/2015
)   Description: Pro Se Gen. Civil (F Deck)
      Defendant. )

MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant plaintiff's *in forma pauperis* application and will dismiss the case for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring dismissal "at any time" jurisdiction is found wanting).

Plaintiff, residing in India, sues the United States Army for allegedly retaliating against him because of his whistleblowing activities against his chain of command. Plaintiff sues under the Military Whistleblower Protection Act (MWPA), 10 U.S.C. § 1034. "The MWPA was designed 'to provide channels within the military through which members of the armed forces could bring their grievances.' " *Klingenschmitt v. United States*, 119 Fed.Cl. 163, 185 (2014) (quoting *Hernandez v. United States*, 38 Fed.Cl. 532, 536 (1997)). The MWPA's "comprehensive [administrative] scheme . . . [does not] provide plaintiffs with a private cause of action to enforce their rights under [the Act] in court." *Id.* (citing *Soeken v. United States*, 47 Fed.Cl. 430, 433 (2000); *Acquisto v. United States*, 70 F.3d 1010, 1011 (8th Cir. 1995)); *see accord Hardy v. Hamburg*, No. 11-cv-1739 (RBW), --- F.Supp.3d ---, ---, 2014 WL 5420037, at *18

1

(D.D.C. Sept. 23, 2014) (dismissing for lack of subject matter jurisdiction "claims . . . based on reprisals for [plaintiff's] whistleblower activities") (citing *Hernandez*, 38 Fed.Cl. at 536). A separate Order of dismissal accompanies this Memorandum Opinion.

_____
United States District Judge

DATE:   June _18_, 2015