Jane H. Concannon Revocable Trust v Building Dept. of the Town of E. Hampton (2020 NY Slip Op 07179)





Jane H. Concannon Revocable Trust v Building Dept. of the Town of E. Hampton


2020 NY Slip Op 07179


Decided on December 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2018-04871
 (Index No. 4297/16)

[*1]Jane H. Concannon Revocable Trust, appellant, 
v
Building Department of the Town of East Hampton, et al., respondents.


Sahn Ward Coschignano, PLLC, Uniondale, NY (Christian Browne of counsel), for appellant.
Michael Sendlenski, East Hampton, NY (John C. Jilnicki of counsel), for respondent Town of East Hampton Zoning Board of Appeals.
Esseks, Hefter, Angel, DiTalia & Pasca, LLP, Riverhead, NY (Anthony C. Pasca and Amanda Star Frazer of counsel), for respondent Breakers Motel, Inc.



DECISION & ORDER
In a hybrid action for injunctive relief and proceeding pursuant to CPLR article 78, the plaintiff/petitioner appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Martha L. Luft, J.), dated February 5, 2018. The order and judgment denied the plaintiff/petitioner's motion for a preliminary injunction and dismissed the complaint/petition.
ORDERED that the order and judgment is affirmed, with one bill of costs.
The plaintiff/petitioner, Jane H. Concannon Revocable Trust, owns property located on Montauk Highway in Montauk, Town of East Hampton (hereinafter the Town), which is improved with a single-family dwelling. The property is located adjacent to the property owned by the respondent Breakers Motel, Inc. (hereinafter Breakers). Both properties are located within the Resort District ("RS") zoning district. Breakers has operated a motel on the premises since at least the late 1950s. A restaurant located in the eastern wing of the motel building also operated at the premises until about 1970. According to a principal of Breakers, subsequent to 1970, the restaurant remained functional but unused with a vacant dining room, a fully equipped commercial kitchen, and an unused storage area downstairs.
In 2005, Breakers applied for a certificate of occupancy for the motel in contemplation of re-opening the restaurant. A certificate of occupancy was issued to Breakers on December 14, 2005 (hereinafter the 2005 CO), which provided for a "Group A-2" restaurant. In 2010, Breakers submitted a site plan application for the property. The public hearing notice, which was sent to the adjoining property owners, described the application as one to construct a "staircase and deck addition to a multi-unit motel building on a lot containing a restaurant, motel and resort uses." The grantor of the plaintiff/petitioner, Jane Concannon, attended the public hearing, at which the public notice was read aloud into the record. On January 19, 2011, the Planning Board approved the site plan application, and the written approval described the property, in part, as "currently [*2]improved with a restaurant." In 2014, Breakers obtained approvals from the Suffolk County Health Department to make improvements to the sanitary system in connection with the restaurant use, and significant work was done on the premises between 2014 and early 2015.
In 2015, Breakers applied for a building permit to renovate the existing restaurant and kitchen. On April 27, 2015, the Town issued the building permit. On May 1, 2015, the plaintiff/petitioner filed an application with the Town Zoning Board of Appeals (hereinafter the ZBA) seeking a determination rescinding the inclusion of the restaurant use on the 2005 CO, and revoking the building permit issued April 27, 2015. Following a hearing, the ZBA issued a determination dated April 5, 2016, denying the plaintiff/petitioner's application as untimely. The ZBA determined, inter alia, that the plaintiff/petitioner had constructive notice of the presence of the restaurant use on the Breakers's property at the time of the 2010 site plan application and subsequent hearing. Thereafter, the plaintiff/petitioner commenced this hybrid action for injunctive relief and proceeding pursuant to CPLR article 78 to review the ZBA's determination dated April 5, 2016, alleging, among other things, that the inclusion of the restaurant use on the 2005 CO and the issuance of the building permit were erroneous in the absence of a special permit. The plaintiff/petitioner also moved for a preliminary injunction enjoining Breakers from taking any further action to construct or operate a restaurant on the premises. The Supreme Court, inter alia, denied the plaintiff/petitioner's motion and dismissed the action/proceeding. The plaintiff/petitioner appeals.
"The determination of a local zoning board is entitled to great deference, and will be set aside only if it is illegal, arbitrary and capricious, or irrational" (Matter of Waterways Dev. Corp. v Town of Brookhaven Zoning Bd. of Appeals, 126 AD3d 708, 711; see CPLR 7803[3]; Matter of East End Holdings, LLC v Village of Southampton Zoning Bd. of Appeals, 135 AD3d 860, 861). Here, the ZBA's determination that the plaintiff/petitioner had constructive notice of the restaurant use at the premises by 2010, at the time of the site plan application and the hearing on that application, was rational and not arbitrary and capricious. Under the circumstances, the plaintiff/petitioner's challenges to the 2005 CO and the building permit, which was predicated on the 2005 CO, were untimely (see Matter of Palm Mgt. Corp. v Goldstein, 8 NY3d 337, 341; Matter of Peehl v Village of Cold Spring, 129 AD3d 844, 845).
Furthermore, in light of the dismissal of the CPLR article 78 causes of action on the ground of untimeliness, the plaintiff/petitioner could not demonstrate a likelihood of success on the merits with respect to its claims that the inclusion of the restaurant use on the 2005 CO and the issuance of the building permit were improper in the absence of a special permit. Therefore, we agree with the Supreme Court's determination denying the plaintiff/petitioner's motion for a preliminary injunction, and dismissing the cause of action for a permanent injunction (see Parolisi v Slavin, 98 AD3d 488; see also Matter of Figueroa v Maguire, 37 AD3d 829, 832).
The plaintiff/petitioner's remaining contentions are without merit.
CHAMBERS, J.P., ROMAN, COHEN and DUFFY, JJ., concur.

2018-04871 DECISION & ORDER ON MOTION
Jane H. Concannon Revocable Trust,
appellant, v Building Department of the Town of East
Hampton, et al., respondents.
(Index No. 4297/16)

Cross motion by the respondent Breakers Motel, Inc., inter alia, to dismiss an appeal from an order and judgment (one paper) of the Supreme Court, Suffolk County, dated February 5, 2018, on the ground that the appeal has been rendered academic. By decision and order on motion of this Court dated July 16, 2018, that branch of the cross motion which is to dismiss the appeal was [*3]held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the cross motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the branch of the cross motion which is to dismiss the appeal is denied.
CHAMBERS, J.P., ROMAN, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court