Matter of Ocasio v Shields

2026 NY Slip Op 02307

April 16, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Juan Carlos Ocasio, Appellant,

v

Raymond Shields, as Adjutant General of the Division of Military and Naval Affairs, Respondent.

Decided and Entered:April 16, 2026

CV-24-0690

Calendar Date: February 11, 2026

Before: Garry, P.J., Aarons, Ceresia, Fisher And Mackey, JJ.

Juan Carlos Ocasio, Bronx, appellant pro se.

Letitia James, Attorney General, Albany (Frank Brady of counsel), for respondent.

[*1]

Mackey, J.

Appeal from a judgment of the Supreme Court (Adam Silverman, J.), entered April 8, 2024 in Albany County, which, among other things, in a proceeding pursuant to CPLR article 78, granted respondent's cross-motion to dismiss the petition.

Petitioner previously served as a noncommissioned officer with the New York Guard (hereinafter the NY Guard).FN1 During his service, he was counseled over a series of months regarding various disciplinary incidents, including violating the chain of command and failing to comply with a direct order. Most relevant here, petitioner made unauthorized inquiries into the number and identities of NY Guard service members who had been awarded State Guard Association of the United States (hereinafter SGAUS) ribbons.FN2 In March 2023, after petitioner attempted to initiate court martial proceedings by purporting to file formal charges with the Division of Military and Naval Affairs (hereinafter DMNA)FN3 against several officers involved in his disciplinary proceedings, he was honorably discharged from the NY Guard.

Petitioner thereafter submitted a Freedom of Information Law (see Public Officers Law art 6 [hereinafter FOIL]) request to DMNA seeking, among other things, records related to the charges he had attempted to file. Two days after submitting his initial request, he contacted DMNA's FOIL officer further requesting a copy of his discharge order and the identity of DMNA's authorized agent for service of process. One month later, petitioner commenced the instant CPLR article 78 proceeding challenging his discharge from the NY Guard and respondent's purported failure to respond to his FOIL requests.FN4 Respondent cross-moved pre-answer to dismiss the petition on the grounds that petitioner's challenge to his discharge was nonjusticiable and, separately, that he had failed to exhaust his administrative remedies as to his FOIL claims. Petitioner in turn moved for sanctions. Supreme Court (Silverman, J.) granted respondent's cross-motion and dismissed the proceeding, finding that petitioner's challenge to his discharge was barred by the intra-military immunity doctrine and that his FOIL challenge was moot. The court further denied petitioner's motion for sanctions. Petitioner appeals.

The doctrine of intra-military immunity — which applies to both the federal armed forces and state organized militia — "bars a lawsuit if 'the injuries [for which a plaintiff seeks to recover] arise out of or are in the course of activity incident to [the plaintiff's military] service' " (Overton v New York State Div. of Military & Naval Affairs, 373 F3d 83, 88-89 [2d Cir 2004], quoting Feres v United States, 340 US 135, 146 [1950]). As such, the doctrine restricts civilian judicial review of internal personnel matters of the military inasmuch as such concern the "composition, training, equipping, and control of a military force[, which] are essentially professional military judgments, subject always to civilian control of the Legislative and Executive [*2]Branches" (Gilligan v Morgan, 413 US 1, 10 [1973] [emphasis omitted]). It follows then that, "[a]s a general rule, '[c]ivilian courts must, at the very least, hesitate long before entertaining a suit which asks the court to tamper with the established relationship between enlisted military personnel and their superior officers' " (Matter of Figueroa v Maguire, 37 AD3d 829, 831 [2d Dept 2007], quoting Chappell v Wallace, 462 US 296, 300 [1983]). "Particularly where, as here, a petitioner is seeking judicial review of a discrete military personnel decision that would unquestionably require a fact-specific inquiry into an area affecting military order and discipline, civilian courts must tread cautiously" (Matter of Figueroa v Maguire, 37 AD3d at 831 [citation omitted]).

To be sure, the "non-justiciability of discretionary military decisions is not absolute" and courts may nevertheless review facial challenges to the constitutionality of military regulations as well as claims that the military failed to follow its own regulations in a manner that substantially prejudiced a service member (Jones v New York State Div. of Military & Naval Affairs, 166 F3d 45, 52 [2d Cir 1999]; see Doolen v Wormuth, 5 F4th 125, 133-134 [2d Cir 2021]). Petitioner, however, makes no such claims here and his challenge to DMNA's decision to honorably discharge him from the NY Guard instead concerns solely, under the facts presented, a military personnel decision stemming from questions of military order and discipline. Accordingly, petitioner's challenge in this regard is nonjusticiable under the intra-military immunity doctrine (see Matter of Figueroa v Maguire, 37 AD3d at 832; Zaccaro v Parker, 249 AD2d 1003, 1003 [4th Dept 1998]). Petitioner's unsupported assertion that his discharge was retaliatory does not necessitate a contrary conclusion (see generally Martinez v McCarthy, 838 Fed Appx 611, 613 [2d Cir 2020]). Similarly, contrary to petitioner's contentions, the status of SGAUS as a nonmilitary organization is of no moment inasmuch as petitioner's misconduct underlying his honorable discharge stems from his actions related to his service in the NY Guard.

Supreme Court likewise properly dismissed petitioner's FOIL claims as moot, inasmuch as the record reflects that he received responses to his requests (see Matter of Maidenbaum & Sternberg, LLP v New York State Dept. of Taxation & Fin., 243 AD3d 1054, 1055 [3d Dept 2025]; Matter of Prisoners' Legal Servs. of N.Y. v New York State Dept. of Corr. & Community Supervision, 209 AD3d 1208, 1210-1211 [3d Dept 2022], affd 42 NY3d 936 [2024]). As to petitioner's claim that respondent's disclosures were nevertheless inadequate, he has failed to exhaust his administrative remedies by first pursuing an administrative appeal (see Matter of Jewish Press, Inc. v New York State Educ. Dept., 212 AD3d 916, 918 [3d Dept 2023]; Matter of Wilkerson v Annucci, 137 AD3d 1444, 1446 [3d Dept 2016]). Finally, the court did not abuse its discretion [*3]in denying petitioner's motion for sanctions against respondent based upon alleged misrepresentations, among other things, as his claims are unsupported by the record (see Matter of Roth & Roth, LLP v Long Is. R.R., 237 AD3d 506, 508 [1st Dept 2025]; Matter of Cobado v Benziger, 163 AD3d 1103, 1107 [3d Dept 2018]). Petitioner's remaining arguments, to the extent properly before us, have been considered and found to be lacking in merit.

Garry, P.J., Aarons, Ceresia and Fisher, JJ., concur.

ORDERED that the judgment is affirmed, without costs.

Footnotes

Footnote 1: Akin to the National Guard, the NY Guard is authorized by article VIII of the Military Law and maintained at the Governor's discretion (see Military Law § 165 [1]). The NY Guard is made up of unpaid volunteers; the volunteer force "augments and supports the New York National Guard," but they "are not federal military reservists like members of the Army and Air National Guard" (Division of Military and Naval Affairs, https://dmna.ny.gov/nyg/ [last accessed March 13, 2026]).

Footnote 2: SGAUS is a non-profit organization that advocates "for the advancement and support of regulated state military forces" and provides, among other things, emergency management training to state defense forces (see SGAUS, https://sgaus.org).

Footnote 3: DMNA is a division of the Executive Department and includes the state'sorganized militia, which in turn includes the NY Guard (see Executive Law § 31 [2];190 [2]; Military Law § 2 [1]; Matter of State of New York v Public Empl. Relations Bd.,103 AD2d 876, 876 [3d Dept 1984]).

Footnote 4: Supreme Court (Hummel, J.) transferred the proceeding from Bronx County, where it had been commenced, to Albany County.